UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION


IN RE:

JAMES STEWART HAMILTON

DEBTOR                                                     CASE NO. 96-70669


JAMES STEWART HAMILTON                                     PLAINTIFF

VS.                                                        ADV. NO. 05-7150

ALICIA HAMILTON HERR;
THOMAS W. GOODMAN, JR.;
LAWRENCE R. WEBSTER                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Defendants' Motion for Abstention, filed herein on November 1, 2005. The Plaintiff commenced this proceeding by filing his Complaint Seeking to Enjoin Actions in Violation of Discharge Provisions and Request for Damages on October 3, 2005. The Plaintiff further filed a Motion for Temporary Restraining Order Pursuant to Bankruptcy Rule 7065 on October 4, 2005; he filed an Amended Motion for Temporary Injunction on October 5, 2005.

At a hearing on the Amended Motion for Temporary Injunction on October 12, 2005, the court set a briefing schedule, and the matter was placed in abeyance pending the court's ruling. The Defendants' Motion for Abstention was their response to the Amended Motion for Temporary Injunction. The Plaintiff filed a Supplemental Opposition Brief on December 14, 2005, and the Defendants filed a Supplemental

1

Memorandum to the Motion for Abstention on December 27, 2005. The trial of this matter is set for January 31, 2006.

1. <u>Factual background</u>

The Plaintiff/Debtor ("the Debtor") and Defendant Alicia Hamilton Herr ("Alicia") were previously married. Defendants Thomas W. Goodman, Jr. and Lawrence R. Webster are attorneys who represent or have represented Alicia. On December 11, 1990, the Debtor and Alicia signed a promissory note to Pikeville National Bank & Trust Co. (now Community Trust Bank) in the principal amount of $14,500.00. The proceeds of the note were used to purchase vending machines for a business Alicia owned. The note was secured by a certificate of deposit ("CD") in the amount of $110,500.03 held in the names of the Debtor or his father, James J. Hamilton ("Mr. Hamilton"). That CD was cashed on February 13, 1991, and a new CD in the same amount was issued in Mr. Hamilton's name only. The new CD was substituted as security for the note in place of the old one.

On February 25, 1991, Mr. Hamilton cashed another CD in his name and used a portion of the proceeds to pay the balance of $14,771.74 owed on the note. The Debtor and Alicia were divorced on April 17, 1991. The Pike Circuit Court entered a final decree disposing of all property rights between them on June 16, 1992. In 1995, Mr. Hamilton filed a civil complaint in the Pike Circuit Court, Civil Action No. 95-CI-00383, against Alicia seeking reimbursement for the $14,771.71 he paid to satisfy the indebtedness on the note. Mr. Hamilton's complaint was initially dismissed on the ground that his claim was required to be asserted as a compulsory counterclaim in the prior divorce action. Mr. Hamilton's appeal of the dismissal was successful

2

and the Court of Appeals remanded the case for further proceedings by Mr. Hamilton on his complaint. In the meantime, the Debtor filed his Chapter 7 petition in this court on July 23, 1996.

Mr. Hamilton and Alicia each filed summary judgment motions in 1998. Prior to a ruling by the circuit court, Alicia successfully moved the court for leave to file a third-party complaint against the Debtor for indemnification by or contribution from him for any amounts which Mr. Hamilton might be adjudged to be entitled to recover from her in connection with his complaint. The Debtor then filed an answer to the complaint and a counterclaim against Alicia. On November 28, 2001, the Pike Circuit Court awarded summary judgment to Mr. Hamilton against Alicia in the amount of $14,771.74, and to Alicia against the Debtor for any amounts she paid to Mr. Hamilton's estate, Mr. Hamilton having died on May 19, 2001.

In his appeal of this ruling, the Debtor argued that the award of a judgment in Alicia's favor against him was error because his debts were discharged in bankruptcy in 1998. In an unpublished opinion entered on May 9, 2003, the Kentucky Court of Appeals stated that discharge in bankruptcy was an affirmative defense which must be raised in a pleading pursuant to CR 8.03. The Debtor did not affirmatively assert the defense of discharge in bankruptcy, and such failure was determined to constitute a waiver of the defense. The Court of Appeals therefore concluded that the Pike Circuit Court did not err in awarding Alicia a judgment against the Debtor.

The Debtor filed a Notice of Bankruptcy Discharge in the Pike Circuit Court action on September 1, 2004 advising the court and Alicia of the Debtor's discharge and the continuing injunction. On

January 14, 2005, the Pike Circuit Court entered an Amended Judgment allowing Alicia recovery from the Debtor on her Third Party Complaint. That court further entered a Supplemental Judgment on May 3, 2005, allowing Alicia recovery from the Debtor in the amount of $38,329.70 (the amount she had paid Mr. Hamilton's estate), with 12% interest from June 12, 2004 until paid. Alicia filed a Notice of Judgment Lien on August 26, 2005.

2. Discussion

The first issue to be decided by the court is whether the *Rooker-Feldman* doctrine applies in this matter, and, if so, whether any exception to that doctrine allows this court to hear the matter.

> The doctrine gets its name from two Supreme Court cases. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), held that the power to hear appeals from state court judgments is exclusively held by the United States Supreme Court. The Supreme Court held in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), that federal district courts do not have jurisdiction to hear challenges to certain state-court decisions. The *Rooker-Feldman* doctrine states that 'lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate issues decided in state court proceedings.' *Peterson Novelties, Inc. v. Berkley*, 305 F.3d 386, 390 (6th Cir.2002).
> . . . . In *Peterson Novelties*, we held that the *Rooker-Feldman* doctrine was inapplicable to claims that the state court did not address or rule upon even though the federal claims arose out of the same nucleus of facts. *Id.* at 391-93.
> This court discussed the *Rooker-Feldman* doctrine and its frequent conflation with claim and issue preclusion in *Hutcherson v. Lauderdale County*, 326 F.3d 747 (6th Cir.2003). This court stated that Seventh Circuit case law provided a useful way to determine which doctrine to apply: 'In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack

   jurisdiction.' . . . . *Id.* at 755 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365-66 (7th Cir.1996).

*Stemler v. Florence*, 350 F.3d 578, 589 (6th Cir. 2003). *See also In re Kewanee Boiler Corp.*, 270 B.R. 912, 922 (Bankr. N.D. Ill. 2002). The injury the Debtor complains of here results from the state court judgment itself, and he asks this court to relieve him of its effect. The *Stemler* decision makes it clear that the *Rooker-Feldman* doctrine controls in this situation, and precludes this court's exercise of jurisdiction absent an applicable exception.

  The Sixth Circuit has recognized an exception to *Rooker-Feldman* where the state court ruling was made in the absence of subject matter jurisdiction or due process, and the federal court declares the ruling void ab initio. *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 299 (6th Cir. 2005). The Ninth Circuit Bankruptcy Appellate Panel has held that state court judgments "purporting to establish personal liability of a debtor on a discharged debt, including judgments obtained after bankruptcy, are void to that extent. They are not voidable, they are void ab initio as a matter of federal statute." *In re Dunbar*, 235 B.R. 465, 473 (9th Cir. B.A.P. 1999). The court will therefore direct the parties to brief the issue of whether the Pike Circuit Court judgment was void ab initio and whether that exception to the *Rooker-Feldman* doctrine applies here, and be prepared to argue it before the court at the trial of this matter on January 31, 2006.

  If the void ab initio exception is determined to apply, the court will hear this matter and consider the following issues: whether the debt to Alicia was a pre-petition debt that was discharged, and, if so, whether the discharge injunction found in Bankruptcy Code section

5

```
    524(a)(3) was violated.

       It is therefore hereby ordered that the parties file briefs with

the court as set out above no later than three business days before

the trial date.


Copies to:

John T. Hamilton, Esq.
Lawrence R. Webster, Esq.
Thomas W. Goodman, Jr., Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Friday, January 06, 2006**
**(wsh)**